**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

JAMEL GAUTHIER,

                              Plaintiff,

- against -

CITY OF NEW YORK, OFFICE OF CHIEF MEDICAL EXAMINER, NEW YORK CITY POLICE DEPARTMENT, NEWYORK CITY DEPARTMENT OF HEALTH, NEW YORK COUNTY DISTRICT ATTORNEY, ELIZABETH A. BUNDOCK, M.D., and CHARLES S. HIRSCH, M.D.,

                              Defendants.

10 CIV 1109 (RJS)(THK)

**MEMORANDUM OF LAW**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NEW YORK COUNTY DISTRICT ATTORNEY TO DISMISS THE COMPLAINT

### INTRODUCTION

       This memorandum of law is submitted in support of defendant New York County District Attorney's Office pre- answer motion for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), dismissing the complaint as to this office for failure to state a claim upon which relief may be granted.

       Although the Court is obliged to assume the truth of any plausible factual assertions made by plaintiff, New York County District Attorney's Office wishes to make plain that the office by no means concedes the veracity of plaintiff's allegations. Rather, the New York County District Attorney's Office's failure to identify each misstatement in this memorandum is based solely on the procedural requirements attendant with the present motion.

Plaintiff seeks money damages pursuant to 42 U.S.C. §§ 1983 and 1985, for alleged wrongs committed by the defendants in connection with his October 5, 2005 arrest and the ensuing criminal prosecution under Indictment Number 5434/2005. Plaintiff seeks to hold the New York County District Attorney's Office liable in causes of action sounding in, *inter alia*, false arrest and abuse of process. In addition, plaintiff seeks to hold the New York County District Attorney's Office liable for conspiring to deprive plaintiff of his liberty.

## THE COMPLAINT

In his complaint, plaintiff seeks money damages under 42 U.S.C. §§ 1981, 1983 and 1985 based on the events surrounding his arrest and prosecution under New York County Indictment Number 5434/2005. The complaint alleges a conspiracy amongst the defendants in factually devoid, conclusory terms.

Plaintiff's complaint alleges the following in substance: On October 15, 2005, plaintiff was arrested and imprisoned for the murder of Jasmine Brock. Plaintiff was charged with the crime of Murder in the Second Degree under Docket Number 2005NY069441. On October 9, 2005, an autopsy was performed on Jamine Brock by defendant, Dr. Elizabeth A. Bundock of the Office of the Chief Medical Examiner. Finally, plaintiff alleges that on November 12, 2008, the indictment was dismissed by ADA Thomas Schiels in Part 31 of the Supreme Court of the State of New York by Justice James A. Yates, due to the "negligent and careless autopsy of Jasmine Brock by the defendants CITY, OCME, BUNDOCK and HIRSCH." There are no factual allegations in the complaint accusing the New York County District Attorney's Office of any wrongdoing. All of the allegations in the complaint are implausible, conclusory, lack factual specificity, and consist of numerous legal conclusions couched as accusations.

## ARGUMENTS

**THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE IS NOT A SUABLE
ENTITY AND IS IMMUNE FROM LIABILITY
PURSUANT TO THE ELEVENTH AMENDMENT**

Insofar as plaintiff seeks damages from the New York County District Attorney's Office, the District Attorney's Office is a non-suable entity and the Eleventh Amendment protects the Office from liability. Ying John Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).

As an initial matter, the New York County District Attorney's Office is not a suable entity and, therefore, is not a proper party in this action. See Gonzalez v. City of New York, 98 Civ. 6081 (MBM), 1999 U.S. Dist LEXIS 11413, at *1 (S.D.N.Y. July 27, 1999) (finding that the district attorney's office did not have an existence separate from the district attorney); Steed v. Deloherty, 96 Civ. No. 2449 (RPP), 1998 U.S. Dist LEXIS 2754, at *3 (S.D.N.Y. Mar. 11, 1998) ("The New York County District Attorney's Office is not a suable entity.") Moreover, even if the New York County District Attorney's Office were a suable entity, the Eleventh Amendment provides it with immunity form suit because it is a state entity for purposes of prosecuting criminal matters. It is well-settled that the Eleventh Amendment of the United States Constitution bars federal courts from hearing cases that private parties have brought against a non-consenting sate in its own name. Kimel v. Fla. Bd. Of Regents, 528 U.S. 62, 73 (2000); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This Eleventh Amendment immunity for the state is extended to state officials who are sued for damages in a section

1983 action. Hafer v. Melo, 502 U.S. 21, 25 (1991); Ying John Gan, at 529, 536 (holding that a state prosecutor is entitled to invoke Eleventh Amendment immunity).[1]

New York County District Attorney's Office respectfully submits that, if an Assistant District Attorney were to be identified, named and served with a summons and complaint in this action, he or she would be absolutely immune from all allegations involving the performance of his or her prosecutorial duties. See Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (holding that it is well-established that a prosecutor who acts within the scope of his duties is absolutely immune form a Section 1983 lawsuit); Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149-50 (2d Cir. 1994) (holding that, in a § 1983 action, absolute immunity applies to a wide-range of prosecutorial functions, including bail determination, and to allegations of out-of-court conspiracy); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (Absolute immunity covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate."). Therefore, defendant New York County District Attorney's Office respectfully requests that the Court *sua sponte* dismiss the case against "A.D.A. John Doe" because prosecutorial immunity provides that "prosecutors are absolutely immune from liability under Section 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imble v. Pachtman, 424

---

[1] Had plaintiff named then District Attorney Robert Morgenthau as a defendant, Mr. Morgenthau would also be protected from suit by absolute immunity. See Imble v. Pachtman, 424 U.S. 409, 431 (1976). Furthermore, Section 1983 requires that an individual named as a defendant have personal involvement in the event at issue. See William v. Smith, 781 F.2d 319, 323 (2d Cir. 19860.

4

U.S. 409, 430-431 (1976)); Ying John Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). Any and all allegations against any individual prosecutor of the District Attorney's Office in plaintiff's Complaint involve conduct intimately associated with his or her prosecutorial functions. Therefore, if an individual prosecutor was ever named, he or she would be entitled to absolute immunity form liability in the face of plaintiff's allegations. In order to conserve time and resources, in the name of judicial economy, defendant New York County District Attorney's Office submits that any amendment to name an Assistant District Attorney would be futile.

**THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF'S ALLEGATIONS ARE IMPLAUSIBLE AND ARE SUPPORTED BY CONCLUSORY STATEMENTS.**

As a general rule, when deciding a motion to dismiss, pursuant to F.R.Civ.P. 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. The complaint must be dismissed, however, when it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief. See e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(Rule 12(b)(6)); Christopehr v. Harbury, 536 U.S. 403, 406 (2002)(Rule 12(b)(6)); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)(Rule 12(b)(6)); Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001)(Rule 12(b)(1)); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000)(Rule 12(b)(1)); McGinty v. New York, 193 F.3d 64, 68 (2d Cir. 1999)(Rule 12(b)(1).

The Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) recently outlined "two working principles" for District Courts to follow when deciding motions to

dismiss for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007)(internal quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, . . ., be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal citations and quotations omitted).

We submit that plaintiff's allegations against DANY cannot survive a motion to dismiss under the Iqbal standard. Not only are all of the allegations in the complaint legal conclusions couched as accusations, but they fail to state any allegations against The New York County District Attorney's Office. Under Iqbal, the complaint, as to The New York County District Attorney's Office, should be dismissed for these reasons.

**PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT COMPLIED WITH THE CONDITION PRECEDENT ESTABLISHED BY NEW YORK GENERAL MUNICIPAL LAW §§ 50-e AND 50-i.**

Plaintiff's state law claims against DANY must be dismissed because they suffer from an additional, fundamental pleading defect. Under N.Y. Gen. Mun. Law §§ 50-e and 50-i, service of a notice of claim is a condition precedent to bringing a state law tort claim against a public corporation or any of its officers, agents, or employees. O'Brien v. City of Syracuse, 54 N.Y.2d 353, 358 (1981). New York law further makes plain that

a notice of claim must be served "within ninety days after the claim arises," N.Y. Gen. Mun. Law § 50-e(1)(a), and it is settled that New York's "notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997); see also Hardy v. New York City Health & Hospitals Corp., 164 F.3d 789, 793 (2d Cir. 1999). As is relevant here, New York law imposes an additional condition precedent that must be satisfied. Specifically, it must "appear as an allegation in the complaint … that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused." N.Y. Gen. Mun. Law § 50-i(1)(b).

Plaintiff's complaint does not allege that he timely filed a notice of claim against the defendant (or that he filed a notice of claim at all), nor does he allege that, prior to filing his complaint, at least thirty days had lapsed without his claims having been settled following service of a notice of claim. Thus, plaintiff has, at a minimum, failed to comply with the condition precedent established by N.Y. Gen. Mun. Law § 50-i(1)(b), and this failure is fatal to each of his state law claims. Giblin v. Nassau County Med. Center, 61 N.Y.2d 67, 74-76 (1984); accord Duran v. City of New York, 1999 U.S. Dist. LEXIS 6853, *8-*9 (S.D.N.Y. May 7, 1999).

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed in its entirety as against defendant The New York County District Attorney's Office.

Dated: New York, New York
April 1, 2010

                              Cyrus R. Vance, Jr.
                              District Attorney, New York County
                              As Special Assistant Corporation Counsel
                              One Hogan Place
                              New York, New York 10013
                              (212) 335-9000

                              By:
\_\_\_\_/s/_____
                              Cynthia M. Sittnick
                              Assistant District Attorney
                              Of Counsel